UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN D. REID, | : | CIVIL ACTION NO. 3:CV-11-1983 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| SCI-SMITHFIELD, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Nathan Reid, a prisoner confined in the Smithfield State Correctional Institution, Huntingdon, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. On May 7, 2012, Plaintiff filed a letter with the court in which he requests to "withdraw [his] claim as it was made in the wrong venue." (Doc. 21). Plaintiff's request will be construed as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), and will be granted.

**Discussion**

Rule 41(a) states in relevant part:

(1) **By the Plaintiff.**

(A) **Without a Court Order**. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared in the action.

(B) **Effect**. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

The Court will grant Plaintiff's motion and the case will be dismissed without prejudice to Plaintiff's renewal of his claims. Plaintiff, however, is forewarned that renewal of

his claims is subject to Pennsylvania's statute of limitations for a personal injury action. See Wilson v. Garcia, 471 U.S. 261, 276 (1985).

     A separate Order will be issued.

Dated: May 9, 2012

United States District Judge